IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KHALIL NEWMAN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil No. 22-556 |
| | ) |
| CHRISTINE RAUCH, LPN and | ) |
| PRIME CARE, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This case was referred to United States Magistrate Judge e Kezia O. L. Taylor for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule of Civil Procedure 72.  On April 19, 2024, the Magistrate Judge issued a Report and Recommendation, recommending that this action be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.  ECF No. 69.  A copy of the Report and Recommendation was mailed to Plaintiff at his address of record, which was the Lawrence County Jail.  The Plaintiff was informed that objections to the Report and Recommendation were due by May 6, 2024.  No objections were filed.

As recounted by the Magistrate Judge, on December 12, 2023, Defendants filed a Motion for Summary Judgment.  ECF No. 62.  Plaintiff has failed to file a Response to the Motion in accordance with the Court's briefing schedule, and he has failed to respond to the Court's Order to show cause why the action should not be dismissed for failure to prosecute.  ECF Nos. 65 & 67.  It is also noted that the Court's separate Order, dated January 6, 2024, was mailed to Lawrence County Jail, but the sealed envelope was returned to the Court in April 2024, with the notation, "RELEASED RETURN TO SENDER."  Thus, Plaintiff appears to have failed to

maintain his current address with the Court. Based on the above, and following thorough review of the filings of record, the Court finds that the Magistrate Judge's recommendation to dismiss this action without prejudice is sound. Furthermore, with the exception of the fourth factor, the Court agrees with the Magistrate Judge's analysis of whether dismissal is an appropriate sanction under *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

As regards the fourth factor, willfulness and bad faith, the Third Circuit Court of Appeals has stated that "'[w]illfulness involves intentional or self-serving behavior[,]' " and that a "lengthy delay reflects 'inexcusable negligent behavior,'" but that behavior alone "does not rise to the level of willfulness or bad faith." *Hildebrand v. Allegheny Cty.,* 923 F.3d 128, 135 (3d Cir. 2019) (quoting *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863 at 875 & 876 (3d Cir. 1994)). In *Adams*, the Court declined to find willfulness where the party offered "no explanation" for its delay and where there was "no indication it was strategic or self-serving." *Id.* at 876. The Court instead characterized the conduct as "a prime example of inexcusable negligent behavior." *Id.* While the Court can surmise that Plaintiff here is acting willfully because he has ceased all participation and communication in this case, the Court has no direct evidence of the type of willfulness or bad faith described by the Third Circuit Court of Appeals. Further, Plaintiff was active in prosecuting his case in the earlier stages. He filed a Motion to Appoint Counsel, a Response to one of Motions to Dismiss, and other non-substantive pleadings. Therefore, the Court finds that the bad faith factor is neutral, due to lack of direct evidence. Even with this factor neutral, the balance of *Poulis* factors weighs heavily in favor of dismissal.

After a review of the pleadings and documents in this case, together with the Report and Recommendation, the following Order is entered.

**ORDER**

AND NOW, this 22nd day of May 2024, it is ORDERED that the Report and Recommendation, ECF No.69, filed on April 19, 2024, is adopted as the Opinion of this Court, except as to the fourth *Poulis* factor, as explained herein.

IT IS FURTHER ORDERED that this case is DISMISSED without prejudice, for Plaintiff's failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment, ECF No. 62, is dismissed as moot.

IT IS FINALLY ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Plaintiff desires to appeal from this Order, he must do so within thirty days by filing a notice of appeal as provided in Federal Rule of Appellate Procedure 3.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

KHALIL NEWMAN, pro se
LAWRENCE COUNTY JAIL
111 S. Milton Street
New Castle, PA 16101